TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
IAN V. YANNIELLO (Cal Bar No. 265481)
Assistant United States Attorneys
International Narcotics,
     Money Laundering and Racketeering Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3667
     Facsimile: (213) 894-0141
     E-mail:   ian.yanniello@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

                    UNITED STATES DISTRICT COURT

              FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>                  v.<br><br>SAVANNAH PUCCIO,<br><br>             Defendant. | No. CR 18-292-DMG-2<br><br>GOVERNMENT'S SENTENCING POSITION REGARDING DEFENDANT SAVANNAH PUCCIO<br><br>Hearing Date: September 22, 2021<br>Hearing Time: 3:00 p.m.<br>Location:     Courtroom of the<br>              Hon. Dolly M. Gee |

     Plaintiff United States of America, by and through its counsel

of record, the United States Attorney for the Central District of

California and Assistant United States Attorney Ian V. Yanniello,

hereby files its Sentencing Position Regarding Defendant Savannah

Puccio.

///

///

///

1    This position is based upon the attached memorandum of points
2 and authorities, the files and records in this case, the Presentence
3 Investigation Report, and such further evidence and argument as the
4 Court may permit.

5 Dated: September 16, 2021          Respectfully submitted,

6                                    TRACY L. WILKISON
                                     Acting United States Attorney
7
                                     SCOTT M. GARRINGER
8                                    Assistant United States Attorney
                                     Chief, Criminal Division
9

10                                          /s/
                                     _____
11                                   IAN V. YANNIELLO
                                     Assistant United States Attorney
12
                                     Attorneys for Plaintiff
13                                   UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

On March 31, 2021, defendant Savannah Puccio ("defendant") pleaded guilty to count one of the indictment in the above captioned case, which charges defendant with mail theft in violation of 18 U.S.C. § 1708.  In February 2018, defendant and others stole mail from various community mailboxes located inside the garage of a 64-unit condominium complex in Redondo Beach, California.

Based on an offense level of 6 and a criminal history category of II, the Presentence Investigation Report ("PSR") by the Probation Office ("USPO") correctly calculates the applicable Guidelines range to be 1 to 7 months.  Since the applicable guideline range is in Zone B of the Sentencing Table, the minimum term may be satisfied by (1) a sentence of imprisonment; (2) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in USSG §5C1.1(e), provided that at least one month is satisfied by imprisonment; or (3) a sentence of probation that includes a condition or combination of conditions that substitute intermittent confinement, community confinement, or home detention for imprisonment according to the schedule in USSG §5C1.1(e).  PSR ¶ 106; U.S.S.G. § 5C1.1(c).

Considering the sentencing factors laid out in 18 U.S.C. § 3553(a), the government agrees with the USPO's recommendation that defendant be sentenced to a low-end sentence of one month incarceration.  While the USPO recommends the sentence be followed by one year of supervised release, the government respectfully recommends a three-year term due to defendant's serial noncompliance

1   with the terms of her release, PSR ¶¶ 4-20, which include an

2   identity-theft related arrest in May 2020, PSR ¶ 8.

3   **II.   RECOMMENDED SENTENCE**

4       The government believes that a low-end sentence of one month

5   custody, a three-year period of supervised release, and a $100

6   special assessment is sufficient but not greater than necessary to

7   accomplish the goals set forth in 18 U.S.C. § 3553(a).

8       While not definitive, the Guidelines range provides the starting

9   point for finding a reasonable sentence and must then be considered

10  with the factors set forth in Section 3553(a).  See United States v.

11  Cantrell, 433 F.3d 1296, 1279 (9th Cir. 2006).  "To comply with the

12  requirements of Booker, the district court must have sufficiently

13  considered the Guidelines as well as the other factors listed in

14  § 3553(a).  This requirement does not necessitate a specific

15  articulation of each factor separately, but rather a showing that the

16  district court considered the statutorily-designated factors in

17  imposing a sentence."  United States v. Nichols, 464 F.3d 1117, 1125

18  (9th Cir. 2006) (quoting United States v. Knows His Gun, 438 F.3d

19  913, 918 (9th Cir. 2006).

20      The recommended sentence appropriately reflects the seriousness

21  of defendant's criminal conduct.  Defendant unlawfully entered a 64-

22  unit condominium, broke into various community mailboxes, and stole

23  mail belonging to numerous victims.  None of the stolen mail was

24  recovered or returned to the victims. PSR ¶ 26.  Although not a

25  violent crime, mail theft crimes cause substantial economic harm to

26  many victims.  Even in cases where economic losses are not proven,

27  mail theft crimes nonetheless create a substantial risk of loss and

28  emotional harm on the victims.  Such crimes have repercussive effects

in the community, and a significant sentence is warranted to protect the public from further crimes by the defendant.

The recommended sentence also reflects the need to promote respect for the law and afford adequate deterrence. As the USPO notes in its Recommendation Letter, defendant "has been noncompliant" while on pre-trial release and most of the violations involve defendant disregarding or ignoring the terms of her supervision and/or the instructions of defendant's Pretrial Services Officer. (See Recommendation Letter at 5; PSR ¶¶ 4-20.) Defendant, for example, failed to show up to various drug tests, PSR ¶ 12, failed to report to her probation officer when she was instructed to, PSR § 16, changed residences without seeking permission, PSR § 17, and failed to comply with home inspections on three occasions, PSR at 12 (FN1). Notably, when defendant was released on bond, the conditions of her release included, among other things, an order to avoid all contact with M.N., a suspect in the underlying mail theft offense, and to not use or possess any identification, mail matter, or identification-related materials other than those in defendant's true and correct name. See PSR ¶ 4. On May 16, 2020, however, defendant and M.N. were arrested after police found a passport, driver's license, and debit cards belonging to another person, two counterfeit United States Postal keys, and washed or altered checks. PSR ¶¶ 8, 51. As the USPO observed, "[a]ll of these factors indicate [defendant]'s respect for the law is low." (See Recommendation Letter at 6.) Thus, the government's recommended sentence reflects this concern and provides adequate deterrence and promotes respect for the law. See 18 U.S.C. §3553(a)(2)(B) (the sentence imposed is required "to afford adequate deterrence to criminal conduct," which encompasses both specific and

1  general deterrence); <u>United States v. Goff</u>, 501 F.3d 250, 261 (3d
2  Cir. 2007).

3         The government's recommendation also takes into account the
4  mitigating facts detailed in the PSR, including defendant's lengthy
5  struggle with drug addiction and instability and abuse in her home
6  when she was young.   As such, the recommended custodial sentence is
7  an appropriate and just sentence under the circumstances.   The
8  proposed term of supervised release will promote respect for the law
9  going forward, as well as affording adequate deterrence from future
10 crimes.

11 **III. CONCLUSION**

12        For the foregoing reasons, the government respectfully requests
13 that this Court sentence defendant to one month custody, followed by
14 a three-year term of supervised release.   The defendant should also
15 be ordered to pay a $100 special assessment.

4